# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PHYLLIS D. ROBINSON,**

      **Plaintiff,**

**v.**                                         **Case No:   6:19-cv-1143-Orl-37LRH**

**UNDER THE COURT'S BACK ROUND**
**MY HISTORY,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**    **June 20, 2019**
>
> ___
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

**I. BACKGROUND.**

On June 20, 2019, Plaintiff Phyllis D. Robinson filed a complaint against "Under the Court's back round my history." Doc. No. 1. On June 24, 2019, she filed a supplemental notice to the complaint, which appears to add additional allegations and includes a list of state court criminal cases against her. Doc. No. 3. In conjunction with the complaint, Robinson also filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), which has

been construed as a motion to proceed *in forma pauperis*. Doc. No. 2. The motion to proceed *in forma pauperis* was referred to the undersigned.

On June 26, 2019, I issued a Report and Recommendation recommending that the Court dismiss Robinson's complaint and deny without prejudice the motion to proceed *in forma pauperis*. Doc. No. 7. I recommended that the Court permit Robinson leave to file an amended complaint. *Id.* at 5. Before the Court ruled on the Report and Recommendation, Robinson filed several additional documents, which were docketed as "notices." Doc. Nos. 8–11. Based on these filings, I withdrew my prior Report and Recommendation and stated that I would issue a second Report and Recommendation on the motion to proceed *in forma pauperis* in consideration of these additional filings. Doc. No. 12.

## II. STANDARD OF REVIEW.

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*. First, the Court must evaluate the plaintiff's financial status and determine whether she is eligible to proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied that plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B)(i-iii).[1] A complaint is frivolous within the meaning of § 1915(e)(2)(b) if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly*, 550

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

A *pro se* complaint should be construed leniently, but a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.  Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.), *cert. denied*, 493 U.S. 863 (1989).

**III.   ANALYSIS.**

Upon a review of Robinson's financial status as set forth in her application, I first find that she is a pauper and eligible to proceed *in forma pauperis*.  The next question is whether Robinson has sufficiently alleged a claim for relief that is not frivolous.  As noted in my prior Report and Recommendation, her complaint is largely incomprehensible—she does not allege a specific cause of action and appears to be asking the Court to review her criminal background history that is available on the internet.  Doc. No. 7; *see* Doc. No. 1, at 2.  The first supplemental notice also does not include a specific cause of action, it merely recites random facts pertaining to an alleged incident at "solid waste at Emergency Advance."  Doc. No. 3.  The supplemental notice also includes a "Cases by Name Listing Report," which lists without any explanation what appears to be three criminal cases filed by the State of Florida against Robinson.  *Id.* at 2.  Accordingly, I found that the complaint was due to be dismissed because (1) the complaint does not comply with the pleading requirements of Federal Rule of Civil Procedure 8; (2) the complaint does not state a basis for the

Court's subject matter jurisdiction; and (3) the complaint does not state a claim upon which relief may be granted. Doc. No. 7. I recommended that the Court permit Robinson leave to file an amended complaint. *Id.* at 5.

As discussed above, Robinson thereafter filed several additional documents on the record. Doc. Nos. 8–11. It is not clear whether Robinson filed these documents in attempt to amend the complaint or for some other unspecified purpose. Regardless, like the complaint, these documents include several largely incomprehensible allegations. These documents also do not add any clarity to or resolve any of the pleading issues with Robinson's original complaint.

It appears from the first filing that Robinson is attempting to include allegations related to her pain and suffering. Doc. No. 8. That document does not list a cause of action, and again contains several unrelated factual allegations such as her phone being locked; problems due to her marriage; her criminal history; and an airport "run in." *Id.* The second document is labeled "Amended of Complaint." Doc. No. 9. This document also includes a long narrative about several seemingly unrelated issues, and the document does not list any specific causes of action against the named Defendant in this matter. *Id.* The third and fourth filings are labeled "Discription – Serve to Defendant [sic]." Doc. Nos. 10–11. The third filing relates to service on "Tracy at Tallahassa," who apparently had something to do with a background check. Doc. No. 10. The fourth filing names "Solid Waste Mangement Risk Manegment [sic]" as Defendant, and includes allegations regarding an incident in which solid waste trucks caused Robinson to get dirt in her eyes, face, clothes, and feet, which caused her discomfort and which she alleges was done on purpose. Doc. No. 11.

To the extent that I can understand the allegations of the complaint and the supplemental notices, even under a liberal construction, Robinson's allegations appear to be frivolous. *See, e.g.*,

*Garner v. Cent. Intelligence Agency*, No. 6:17-cv-1034-Orl-41GJK, 2017 WL 11025763, at *2 (M.D. Fla. June 12, 2017), *report and recommendation adopted*, 2017 WL 11025761 (M.D. Fla. July 26, 2017).  Moreover, neither the complaint nor the additional filings (1) comply with the pleading requirements of Federal Rule of Civil Procedure 8; (2) state a basis for the Court's subject matter jurisdiction; or (3) state a claim upon which relief may be granted.  Accordingly, I recommend that the Court dismiss the complaint.

In my prior Report and Recommendation, I recommended that the Court permit Robinson leave to file an amended complaint because ordinarily, a *pro se* party should be given one opportunity to file an amended complaint that states a claim within this Court's subject-matter jurisdiction on which relief could be granted.  *See Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).  It is unclear whether the additional filings by Robinson were an attempt to amend the complaint.  Accordingly, I recommend that the Court permit Robinson one opportunity to file an amended complaint that states a claim for relief within this Court's subject matter jurisdiction.

As previously explained to Robinson, in an amended complaint, she must clearly allege the legal basis of the cause of action—whether a constitutional provision, treaty, statute, or common law.  Robinson must also allege facts that both support her causes of action and demonstrate that her claims are plausible.  Robinson should not include argument in the amended complaint.  She must allege in the body of the complaint, under a section entitled "Statement of Facts," how Defendant participated in the activity that allegedly violated her rights.  She must allege specifically how she has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Finally, because Robinson is currently proceeding without a lawyer, the undersigned directs her attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Robinson can find basic information and resources for parties who are proceeding without a lawyer

in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

**IV.   RECOMMENDATION.**

For the reasons stated above, **I RESPECTFULLY RECOMMEND** that the Court:

1. **DISMISS** the complaint without prejudice (Doc. No. 1);

2. **DENY** the motion to proceed *in forma pauperis* without prejudice (Doc. No. 2);

3. **PERMIT** Robinson leave to file an amended complaint within a time established by the Court, along with a renewed motion to proceed *in forma pauperis*; and

4. **ADVISE** Robinson that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

**Robinson is advised that she may not file any additional supplements to the complaint until the Court has ruled on this Report and Recommendation and given her permission to file an amended complaint.  If Robinson submits an unauthorized filing, it may be stricken without further notice.**

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 18, 2019.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy